USCA1 Opinion

 

 April 12, 1996 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 95-2099 TIMOTHY DAVIS, Plaintiff, Appellant, v. MASSACHUSETTS STATE LOTTERY COMMISSION and DANIEL KINNEY, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy Gertner, U.S. District Judge] ___________________ ____________________ Before Lynch, Circuit Judge, _____________ Aldrich and Bownes, Senior Circuit Judges. _____________________ ____________________ John A. Morrissey with whom Law Offices of James C. Gahan, Jr. _________________ _____________________________________ was on brief for appellant. Marie St. Fleur, Assistant Attorney General, with whom Scott ________________ _____ Harshbarger, Attorney General, was on brief for appellees. ___________ ________________ ____________________ ____________________ Per Curiam. Plaintiff-appellant Timothy Davis, an ___________ employee of the Massachusetts State Lottery Commission, sued the Commission and Daniel Kinney, his supervisor, for violation of civil rights, racial discrimination, infliction of emotional distress, and improper layoff, stemming from his dismissal by the Commission on May 1, 1991.1 Defendants moved to dismiss for failure to state a claim upon which relief could be granted. The court granted the motion, but later allowed plaintiff's Motion for Reconsideration, permitting him to file an amended complaint adding a count (Count VI) seeking compensatory and punitive damages for violation of his federally protected rights after November 21, 1991, the date of the Civil Rights Act of 1991, 42 U.S.C. 1981a(b)(1). In due course, defendants moved for summary judgment on all claims. This motion, also, was granted, incorporating, but simply by reference, the court's earlier Memorandum and Order. We affirm. The obligatory appendix which plaintiff filed for this appeal totally disregards Federal Rule of Appellate Procedure 30. Except for a copy of Count VI, none of the required items is present. Instead are some 60 pages, largely memoranda of law filed in the district court. These the Rule expressly forbids. FRAP 30(a). Nor does reference to such filings meet brief requirements. FRAP 28. We will  ____________________ 1. Following arbitration, the improper layoff was corrected. -2- not consider them. Plaintiff did attach to his appellate brief the court's Memorandum and Decision granting summary judgment for defendants on Count VI, but failed to include anywhere the court's earlier memorandum dismissing Counts I- V. FRAP 30(a)(3). In granting defendants' motion for summary judgment, the court set the course for plaintiff's appeal: "I find that he has failed to meet his burden of establishing a prima facie case of unlawful discrimination after November 21, 1991." Plaintiff's filings do not enable us to find otherwise. The (very) occasional references in his brief to alleged evidence of continuing discrimination after his reinstatement consist of cryptic allusions to: "Davis Depo."; "A copy of his affidavit in this regard is annexed hereto." (It was not); "Kelly Depo., p. 38-51" (also not included in the appendix); and "Memorandum in Support of Opposition to the Motion for Summary Judgment . . . pages 12 through 16." Finally, in an attempt to rebut the court's exposition of how he failed to make out a prima facie case on Count VI, _____ _____ plaintiff points to his amended complaint as "establish[ing] genuine issues of material fact which render summary judgment inappropriate." He states he has "detailed harassment, retaliation, and continuing acts of discrimination by Defendants," without reference to the record other than the complaint. In lieu, "Davis respectfully refers to pages 16 -3- through 19 of his Memorandum," which, as already noted, was improperly filed. All this is meaningless. Fundamentally, without specific facts, the non-moving party (plaintiff) "may not rest upon the mere allegations of [its] pleading" to defend against summary judgment for the defendant. Fed.R.Civ.P. 56(e). Ramsdell v. Bowles, 64 F.3d 5, 11 (1st Cir. 1995). ________ ______ Plaintiff presents neither facts nor law to make out a case. This is an extraordinary waste of time. The appeal is dismissed on the opinion below. -4-